RECEIVED
16 APR 25 PM 4:13
U.S. BANKRUPTCY COURT
MINNEAPOLIS, MN

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>*Debtor.* | BKY No. 15-42460 |
| Daniel M. McDermott, Trustee,<br><br>*Plaintiff,*<br><br>v.<br><br>Paul Hansmeier,<br><br>*Defendant.* | ADV No. 16-04035<br><br>**DEFENDANT'S ANSWER AND CROSS-CLAIMS** |

## ANSWER

Defendant Paul Hansmeier, for his Answer to Plaintiff's Complaint, denies each and every allegation, matter, and thing in the Complaint except as admitted herein, answered, or otherwise qualified, and states and alleges as follows.

1.  Defendant admits paragraphs 1-4.

2.  Defendant admits that his wife is Padraigin Browne and that he hired an attorney to form a trust in late-2010. The remaining allegations in Paragraph 5 are a description of a legal document, *i.e.* a trust document, the terms of which speak for itself. Defendant denies the remaining allegations in paragraph 5.

3.  As for paragraph 6, Defendant admits that the trust was owned by Monyet, that Monyet is a single-member limited liability company formed under the laws of the

State of Delaware, and that a Scottrade brokerage account for Monyet was opened in 2010. Defendant denies the remaining allegations in paragraph 6.

4. The allegations in paragraphs 7-10 relate to financial transactions, the records of which speak for themselves. Defendant denies the remaining allegations in these paragraphs.

5. Defendant admits that a sanctions order was issued against him as is referenced in paragraph 11(a). Defendant denies the substance of the findings in that order. Defendant denies the allegations in paragraphs 11(b)-11(d). Defendant affirmatively alleges that the judgment referenced in paragraph 11(e) is a void judgment, entered in a case where Defendant was not named as a party, served with process, or alleged to have committed wrongdoing. Defendant admits that sanctions orders were issued against him as referenced in paragraph 11(f). Defendant denies the substance of the findings of those orders. Defendant admits that judgment was entered against him as described in paragraph 11(g). Defendant denies the substance of the findings referenced in paragraph 11(g). Except as otherwise admitted, Defendant denies the allegations in paragraph 11.

6. Paragraph 12 describes a financial document, which speaks for itself. Defendant denies the allegations in paragraph 12.

7. Defendant denies the allegations in paragraph 13.

8. Paragraph 14 summarizes Defendant's testimony, the transcripts of which speak for itself. Defendant denies remaining allegations in paragraph 14.

9.　　Paragraphs 15-18 describe financial transactions and Defendant's bankruptcy petition, the records of which speaks for themselves. Defendant denies the remaining allegations in these paragraphs.

10.　　Defendant denies the allegations in paragraph 19.

11.　　Paragraphs 20-22 describes financial transactions, the records of which speak for themselves. Defendant denies the remaining allegations in these paragraphs.

12.　　Paragraph 23 purports to summarize Defendant's testimony, the transcript of which speaks for itself. Defendant denies the remaining allegations in this paragraph.

13.　　Paragraphs 24-26 describe the sale of Defendant's homestead property. Defendant admits that he and his wife signed a listing agreement with Ben Ganje of Lakes Sotheby's International Realty, that he and his wife moved to Woodbury on or around October 5, 2015, that the lease payments at the residence were around $1,950.00 per month, and that his homestead ultimately sold for $1.2 million. Defendant denies the remaining allegations in these paragraphs.

14.　　Paragraph 27 purports to summarize Defendant's testimony at a Rule 2004 examination, the transcript of which speaks for itself. Defendant denies the remaining allegation in this paragraph.

15.　　Paragraphs 28-29 describe financial transactions, the records of which speaks for themselves. Defendant denies the remaining allegations in these paragraphs.

16.　　Paragraph 30 purports to summarize Defendant's testimony at a January 21, 2016, meeting of the creditors, the transcript of which speaks for itself. Defendant denies the remaining allegations in paragraph 30.

3

17. As for paragraph 31, Defendant admits that the Chapter 7 Trustee conducted a Rule 2004 examination of Defendant's wife on February 18, 2016. Defendant denies the remaining allegations in paragraph 31.

18. Defendant reincorporates his answers to paragraphs 1-31.

19. Defendant denies paragraph 33.

20. Defendant admits paragraph 34.

21. Defendant denies paragraph 35-36.

22. Paragraph 37 contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies Paragraph 37.

23. Defendant reincorporates his answers to paragraphs 1-37.

24. Defendant admits paragraph 39.

25. Defendant denies paragraphs 40-44.

26. Paragraph 45 contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies paragraph 45.

27. Defendant reincorporates his answers to paragraphs 1-45.

28. Defendant denies the allegations in paragraphs 47-48.

29. Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 49.

30. Defendant incorporates his answers to paragraphs 1-49.

31. Defendant denies paragraphs 51-55.

32. Paragraph 56 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 56.

33. Defendant reincorporates his answers to paragraphs 1-56.

34. Defendant denies paragraphs 58-59.

35. Paragraph 60 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 60.

## Affirmative Defenses

As a separate and alternative defense to the Complaint, Defendant alleges that the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set forth above and cannot be determined until the Defendant has had the opportunity to complete discovery, the Defendant therefore incorporates all such affirmative defenses as if fully set forth herein.

## CROSS-CLAIMS

Paul Hansmeier, as and for his cross-claims against Paul Godfread and Alan Cooper (individually, "Godfread" and "Cooper", and collectively "Claimants"), states and alleges as follows:

## Jurisdiction and Venue

1. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015, and Cross-Claim Plaintiff Paul Hansmeier is the debtor.

5

2. This is an action for declaratory judgment regarding the validity of three claims filed in Hansmeier's bankruptcy case. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334 and 2201 and Bankruptcy Rule 5005

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2) and 1334.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## Parties

5. Cross-claim Plaintiff, Paul Hansmeier, is the debtor in this bankruptcy case. Hansmeier is a resident of Minnesota.

6. Cross-claim Defendants Alan Cooper and Paul Godfread are the claimants with respect to the claims identified below. Both Defendants are residents of Minnesota.

## Allegations

7. On July 13, 2015, Hansmeier filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. Hansmeier filed his Chapter 13 petition to obtain the full protection of the bankruptcy laws, including the benefit of the automatic stay, in order to fully pay off his debts in a reasonable and timely manner and in accordance with a plan approved by the Court for the benefit of all of his creditors.

8. Claimants filed claims in Hansmeier's bankruptcy case at claim numbers 9-1, 10 and 11-1 totaling over $1.6 million.

9. On November 14, 2015, Hansmeier filed timely objections to Claimants' claims. A hearing on Hansmeier's objections was scheduled for December 17, 2015.

6

10. On December 3, 2015 Hansmeier's case was involuntarily converted from Chapter 13 to Chapter 7 in response to a motion filed by the U.S. Trustee. The U.S. Trustee's motion to convert was premised on the assumption that Hansmeier would be unable to pay all of the unsecured claims according to Hansmeier's proposed modified plan. This assumption rested on the approximately $1.6 Million in claims attributable to Claimants' claims. The Court granted the United States Trustee's motion without first hearing Hansmeier's objections to Claimants' claims.

11. Hansmeier timely appealed the Court's conversion order.

12. On March 24, 2016, the U.S. Trustee filed a complaint for denial of discharge against Hansmeier. Among the U.S. Trustee's allegations is that Hansmeier "knowingly and fraudulently" failed to list "all of his creditors on his chapter 13 bankruptcy schedules," that Hansmeier falsely testified that his "schedules included all of his creditors," and that an entire host of other alleged actions were performed with the "intent to hinder, delay, or defraud creditors."

13. The presence of Claimants' claims has injured and is injuring Hansmeier. The U.S. Trustee alleges that Hansmeier engaged in bankruptcy misconduct by failing to list these creditors in his schedules. For example, Hansmeier's petition lists all of the creditors who have filed claims in this case, with the exception of Claimants' claims.[1] If

---

[1] On April 22, 2016, a proof of claim was filed, quite unusually, on behalf of an unspecified number of anonymous individuals. *See* Claim 17-1. The attorney listed in paragraph 3 of the proof of claim, Eric Russell, is the same attorney who represents Cooper and Godread in the *Prenda Law* matter. It is unclear whether Cooper and Godfread are the anonymous individuals referenced in the proof of claim. Continuing a familiar theme, this claim was issued in reference to an Illinois case in which Hansmeier

7

Claimants' claims are successfully opposed, then there would be no factual basis for the U.S. Trustee's allegation that Hansmeier falsely testified that his "schedules included all of his creditors." Further, given that Hansmeier's Chapter 13 plan was a fully-funded plan that would pay all Hansmeier's legitimate creditors in full, with interest, if Claimants' claims are stricken then it would be difficult to show that any of Hansmeier's actions were taken with the intent of evading paying his actual creditors in full, with interest.

### Issues for Determination

I. **The *Prenda Law* Claims Are Invalid.**

14. Claimants submitted identical claims at claims 9-1 and 10 against Hansmeier, each in the amount of $678,865.97. In their claims, Claimants represented that the basis for their claim was a "judgment against debtor" in a federal lawsuit pending in the U.S. District Court for the Northern District of Illinois. *Prenda Law & Paul Duffy v. Godfread, et al.*, Nos. 13-cv-1569 and 13-cv-4341 (N.D. Ill. 2013) (the "*Prenda Law* matter").

15. Claimants did not attach a copy of any judgment entered against Hansmeier in the *Prenda Law* matter. Indeed, there is none. Instead, they attached paperwork referencing persons other than Hansmeier. None of the paperwork indicated that a judgment in the amount of $678,865.97 was entered against anyone, much less

---

never appeared, was never named as a party, and has never been served with process. Due to the filing deadline, Hansmeier's cross claims do not address Claim 17-1. However, once Hansmeier has had an opportunity to investigate the factual basis for Claim 17-1, he anticipates seeking declaratory relief with respect to that claim as well.

8

Document Page 9 of 11

Hansmeier. The only paperwork attached to Claimants' claims indicating a financial obligation was an order imposing attorneys' fees in the amount of $11,758.20—an amount significantly less than the $678,865.97 that Claimants claimed.

16. The parties to the *Prenda Law* litigation were Paul Duffy, Prenda Law, Inc., and Claimants. Hansmeier has never been designated as a party or served with process in the *Prenda Law* matter.

17. Paul Duffy is deceased. Prenda Law Inc.'s corporate existence was terminated in 2013.

18. Claimants obtained an attorneys' fees sanction in the amount of $11,758.20 against Paul Duffy and Prenda Law, Inc on June 12, 2014. The sanction was not entered against Hansmeier. This amount is the sole monetary award or judgment that has been entered against anyone in the *Prenda Law* matter.

19. On October 10, 2014, Claimants brought a motion in the case seeking "to impose any and all liabilities" entered in the case against Prenda Law, Inc. on Hansmeier and another non-participant, John Steele ("Steele").

20. The Honorable U.S. District Judge John W. Darrah of the U.S. District Court for the District of Illinois denied the above-referenced motion, and held that as a matter of law Hansmeier and Steele could not be held liable for any liabilities entered against Prenda Law, Inc. in the matter. The filing of Claimants' motion to impose liability against Hansmeier as well as the denial of said motion occurred after the imposition of the $11,758.20 sanction. Accordingly, Hansmeier cannot possibly be liable for this amount.

21. Claimants moved for relief from the automatic stay in order to continue pursuing judgment against Hansmeier in the *Prenda Law* matter.

22. Citing a lack of evidence, the Court denied Claimants' motion.

23. Claimants continued pursuing entry of judgment against Steele in the *Prenda Law* matter.

24. On information and belief, on April 20, 2016, the *Prenda Law* court denied Claimants' renewed efforts to obtain entry of judgment against Steele and directed Claimants to submit proposed judgment paperwork against Prenda Law, Inc. and Paul Duffy.

25. Claimants have provided no evidence that the *Prenda Law* court is reconsidering its position, or that their claim is valid. Nor, given the *Prenda Law* court's reasoning, is reconsideration at all likely. The *Prenda Law* court has repeatedly held that it cannot take action with respect to Hansmeier and Steele, including, on information and belief, as recently as April 20, 2016, with respect to Steele.

26. Claimants' claims arising from the *Prenda Law* matter are invalid and are subject to disallowance.

## II. The Minnesota Claim Is Invalid.

27. Cooper filed a claim in Hansmeier's bankruptcy case in the amount of $255,000 as claim number 11-1. The claim purports to be a judgment entered against Hansmeier.

28. Cooper does not have a judgment against Hansmeier. His claim attaches no evidence of any judgment in his favor against Hansmeier.

10

29. In January, 2013, Cooper initiated a lawsuit venued in Hennepin County District Court, which was later filed with the Clerk of Court and assigned Case No. 27-CV-13-3463, captioned *Alan Cooper vs. John Lawrence Steele, Prenda Law, Inc., AF Holdings LLC, and Ingenuity13 LLC* (the "Minnesota matter"). Hansmeier was never designated as a party, served with process, alleged to have committed any wrongdoing, or otherwise joined in the Minnesota matter. Cooper pursued corporate veil-piercing claims against other individuals, but did not do so with respect to Hansmeier. The Minnesota matter has been closed for nearly one year. No judgment was ever entered against Hansmeier. No appeal was taken from the final judgment on the merits.

30. Cooper has failed to establish any claim against Hansmeier arising from the Minnesota matter. His claim is invalid and is subject to disallowance.

**WHEREFORE**, Hansmeier seeks an Order from the Court as follows:

1. Dismissing Plaintiff's Complaint in its entirety, with prejudice and on the merits;

2. Holding that claims 9-1, 10 and 11-1 in Hansmeier's bankruptcy case are invalid and subject to disallowance; and

3. Granting such other and further relief as is acceptable to the Court.

Dated: April 25, 2016                By: /e/ Paul R. Hansmeier
                                     Paul R. Hansmeier
                                     100 5th St. S. Suite 1900
                                     Minneapolis, MN 55402
                                     612-326-9801
                                     mail@classjustice.org
                                     *In propria persona*