# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RECEIVED
17 MAR 17 AM 9: 39
U.S. BANKRUPTCY COURT
ST. PAUL, MN

| | |
|---|---|
| In re<br><br>Paul Hansmeier,<br><br>*Debtor.*<br><br>----------------------------------------------<br><br>Daniel M. McDermott, United States Trustee,<br><br>*Plaintiff.*<br><br>v.<br><br>Paul Hansmeier,<br><br>*Defendant.* | Bky No. 15-42460<br><br>Chapter 7<br><br><br><br>ADV No. 16-04035 |

# DEFENDANT PAUL R. HANSMEIER'S
# BRIEF IN RESPONSE TO THE TRUSTEE'S
# <u>MOTION TO COMPEL</u>

Paul Hansmeier
3749 Sunbury Alcove
Woodbury, MN 55125
(651) 399-1583
prhansmeier@gmail.com

March 17, 2017

## MEMORANDUM

Debtor Paul Hansmeier does not substantively oppose the U.S. Trustee's entitlement to take discovery in this case, including by making document requests. Hansmeier's only request is that the Court order counsel for the U.S. Trustee to engage in a good faith and substantive "meet and confer," with Hansmeier, so that Hansmeier is not forced to engage in purely duplicative document production. In his underlying bankruptcy case Hansmeier has produced an estimated thousands of pages of documents. Hansmeier first produced substantial documents during his Chapter 13 case in connection with a Rule 2004 examination. Hansmeier then produced substantial additional documents when his case was converted to Chapter 7. The Trustee's document requests substantially overlap the document requests that Hansmeier has responded to during this case and, on information and belief, the Trustee has access to those documents. Hansmeier has attempted to engage with counsel for the Trustee to learn the Trustee's position on what document requests do not overlap with prior document requests, so that Hansmeier may focus his production in a manner that minimizes the burden to him and, frankly, the Trustee. The Trustee has, to date, refused to provide a concrete indication of what he believes is outstanding. Ideally, counsel for the Trustee will reach out to Hansmeier before the hearing on his Motion to Compel so that the parties can resolve the outstanding document production issue without needless burdening the Court.

Notwithstanding his certification to the Court otherwise, Hansmeier does not believe that the Trustee fulfilled the spirit of the meet and confer requirement prior to bringing his motion. The last communication Hansmeier received before the Trustee's

motion was filed is attached as an exhibit to this memorandum. Regardless, however, nothing is preventing the Trustee from engaging in a good faith meet and confer with Hansmeier now so that the parties may complete the pre-trial discovery process in a manner that is consistent with the rules.

Respectfully submitted,

March 17, 2017

/s/
Paul R. Hansmeier



Paul Hansmeier <mail@classjustice.org>

## McDermott v. Hansmeier
1 message

**Kreuziger, Colin (USTP)** <Colin.Kreuziger@usdoj.gov>  Wed, Feb 1, 2017 at 9:37 AM
To: "mail@classjustice.org" <mail@classjustice.org>

Good morning Paul:

Now that it appears many of the disputed claims issues have been resolved in your bankruptcy case, I would like to know if you are planning on waiving your discharge. I also note that you have been indicted, so I assume you will invoke the Fifth Amendment to avoid testifying at trial in this case. That would allow the bankruptcy court to draw numerous adverse inferences against you.

If you are amenable to waiving your discharge, you will need to file a motion for approval of the waiver with the bankruptcy court. I can provide you with recent examples if you would like.

If not, we need to discuss when you will provide responses to my document production requests.

Thank you.



Colin Kreuziger

Special Assistant United States Attorney

Trial Attorney

United States Department of Justice

Office of the United States Trustee

Region 12

1015 U.S. Courthouse

300 S 4th St

Minneapolis, MN 55415

Ex 2