**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

    Chapter 7

Paul Hansmeier,

    Bankruptcy No. 15-42460

    Debtor.

---

Daniel M. McDermott, United States Trustee,

    Plaintiff,    Adv. No. 16-04035

v.

Paul Hansmeier,

    Defendant.

---

**UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT'S MOTION FOR A STAY**

The United States Trustee objects to the defendant's motion for a stay as follows:

1. For the reasons set forth in the accompanying memorandum of law, the court should deny the defendant's motion for a stay.

2. The defendant filed a voluntary chapter 13 bankruptcy petition in July of 2015.

3. The automatic stay remains in effect as to nearly all creditors.

4. The chapter 7 trustee has not made an interim distribution in this case.

5. The defendant's motion fails to demonstrate that he cannot protect himself at the trial in this matter by selectively invoking the Fifth Amendment privilege. Similarly, the defendant's motion fails to demonstrate that trial in the criminal case against him will so overlap the trial in this matter such that effective defense of both is impossible.

6. Creditors will be prejudiced if the court grants the defendant's motion for a stay.

7. For all of those reasons, the United States Trustee requests that the court deny the

defendant's motion for a stay.

Dated: May 11, 2017                                          DANIEL M. MCDERMOTT
                                                                      United States Trustee
                                                                      Region 12

                                                                      /e/ Colin Kreuziger
                                                                      Colin Kreuziger
                                                                      Trial Attorney
                                                                      Office of U.S. Trustee
                                                                      MN Atty. No. 0386834
                                                                      1015 U.S. Courthouse
                                                                      300 South Fourth Street
                                                                      Minneapolis, MN 55415
                                                                      TELE: (612) 334-1350

2

**Verification**

I, Colin Kreuziger, Trial Attorney for the United States Trustee for the District of Minnesota, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: May 11, 2017                    /e/ Colin Kreuziger
                                             Colin Kreuziger
                                             Trial Attorney

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 7 |
| Paul Hansmeier, | Bankruptcy No. 15-42460 |
| Debtor. | |
| Daniel M. McDermott, United States Trustee, | |
| Plaintiff, | Adv. No. 16-04035 |
| v. | |
| Paul Hansmeier, | |
| Defendant. | |

## MEMORANDUM OF LAW

The facts are as stated in the attached objection. For the sake of brevity, they are not reproduced here.

## ARGUMENT

**I. The defendant's motion should be denied because he has not made the requisite showing that would warrant a stay of this adversary proceeding.**

A trial court has the discretion to grant a stay of a civil trial until factually related criminal proceedings are concluded. *See Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993). To warrant a stay, a defendant "must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, . . . or that the two trials will so overlap that effective defense of both is impossible." *Id.* (citation omitted). "[A] civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege." *Id.*

Courts in this district have repeatedly observed that the Fifth Amendment does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *See,*

*e.g.*, *Fidelity Nat'l Title Ins. Co. v. Nat'l Title Res. Corp.*, 980 F.Supp. 1022, 1023-24 (D. Minn. 1997) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995)). In some instances, courts in this district have considered the following factors when evaluating a defendant's request for a stay: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* (quoting *Keating*, 45 F.3d at 324-25.)

    **A.**    **The defendant has not demonstrated that he cannot protect himself at the civil trial in this adversary proceeding by selectively invoking his Fifth Amendment privilege.**

The defendant has not made the strong showing necessary to justify a stay of this adversary proceeding. Instead, he utilized a blanket invocation of his Fifth Amendment privilege. Comparison of the complaint in this adversary proceeding and the indictment in the defendant's criminal proceeding reveals that Mr. Hansmeier can adequately protect and defend himself at a civil trial.

The United States Trustee's complaint alleges facts that are, for the most part, not directly related to the allegations contained in the indictment. In sum, the complaint alleges that: (1) the defendant or one of his alter egos transferred over $600,000.00 to a trust that he created and then knowingly and fraudulently concealed those transfers from his creditors within the year prior to filing his bankruptcy petition; (2) the defendant knowingly and fraudulently concealed property of the bankruptcy estate from the chapter 13 trustee after the filing of his bankruptcy petition; (3) the defendant failed to keep records that allow his financial condition and business transaction to be ascertained; (4) the defendant knowingly and fraudulently made various false oaths regarding his assets and liabilities; and (5) the defendant has not provided a satisfactory explanation for the

2

disposition or loss of $178,000.00 in cash in his possession in 2014.

The criminal indictment focuses on Hansmeier's alleged involvement in a conspiracy to commit mail fraud, wire fraud, money laundering, and perjury between 2011 and 2014. The alleged scheme relates to a mail and wire fraud "scheme to obtain millions of dollars in copyright lawsuit settlements by deceiving state and federal courts throughout the country." (Indictment, at 7.) The indictment also focuses on the defendant's alleged efforts to launder the proceeds of that scheme and the related alleged acts of perjury committed in furtherance of the scheme. (*Id.* at 29-35.) Notably, the indictment relates entirely to acts committed between 2011 and 2014.

Most of the allegations that underpin the United States Trustee's complaint are alleged to have occurred shortly before or after the defendant filed his bankruptcy case in July of 2015. In contrast, the indictment focuses entirely on pre-petition conduct. There is not enough common ground between the indictment and the complaint to warrant a stay.

Moreover, the defendant has not made the strong, particularized showing necessary to justify a stay. The defendant points to certain allegations in the complaint to support his motion for a stay. The defendant's citations, however, undermine his argument.

For example, the defendant cites Paragraphs 14, 23, 27, 30, and 51-54 of the complaint in arguing that the complaint repeatedly accuses him of giving false testimony. (Mem. of Law, at 6.) The defendant is correct that those paragraphs allege that he gave false testimony. But the false testimony in question is not the false testimony referenced in the indictment. Instead, almost all of the false testimony referenced in Paragraphs 14, 23, 27, 30, and 51-54 of the complaint is post-petition testimony. In fact, only Paragraph 14 refers to false pre-petition testimony. There is no reference to that testimony in the indictment.

Similarly, the defendant cites Paragraphs 15-18 of the complaint in arguing that the complaint accuses him of fraud. (*Id.*) Again, the defendant is correct that the complaint alleges fraud. But Paragraphs 15-18 of the complaint all relate to fraud that occurred shortly before the

3

bankruptcy petition was filed. Those allegations do not overlap with the allegations in the indictment.

Finally, the defendant points to Paragraph 33 of the complaint and notes that it accuses him of concealing his interest in Prenda Law. (*Id.*) Paragraph 33 does just that, but it is a small fraction of the allegations in the complaint. In fact, other than that single allegation in the complaint, there is very little discussion of Prenda Law. In any event, to the extent that the defendant is called upon to testify regarding Prenda Law, he can invoke his Fifth Amendment privilege.

In sum, the defendant's motion does not make the strong showing necessary to warrant a stay in this adversary proceeding.

**B.    The defendant has not shown that the two trials will so overlap that effective defense of both is impossible.**

For the reasons discussed above, the defendant has not shown that the two trials will so overlap that he cannot effectively defend himself in both. The Eighth Circuit Court of Appeals has observed: "Although an adverse inference may be drawn against a party who invokes the Fifth Amendment privilege and refuses to testify in a civil proceeding, that silence alone is insufficient to support an adverse decision." *Koester*, 11 F.3d at 823. As a result, the District Court for the District of Minnesota has noted that "a defendant has no absolute right to be free from having to choose between testifying in a civil matter or invoking his Fifth Amendment privilege." *Fidelity*, 980 F.Supp. at 1025.

As discussed above, most of the allegations in the complaint are different from the allegations in the indictment. The defendant does have the option of selectively invoking the Fifth Amendment privilege to defend himself if he believes that certain testimony may tend to incriminate him. But this risk is lessened where most of the allegations in the complaint and the indictment do not overlap. In addition, the United States Trustee cannot prevail in this adversary

4

proceeding by simply asking the court to draw adverse inferences based on the defendant's assertion of the Fifth Amendment privilege. Instead, additional evidence, including documents and testimony of other witnesses, will have to be presented.

In any event, the defendant's motion falls far short of establishing that the two trials overlap to such an extent that effective defense of both would be impossible. For that reason, the court should deny the defendant's motion for a stay.

## II. Analysis of the relevant factors does not favor the defendant.

As the defendant observed, many courts outside of the Eighth Circuit have utilized a multifactor analysis to determine whether a stay is warranted. *See, e.g.*, *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In addition, the District Court for the District of Minnesota has also considered the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Fidelity*, 980 F.Supp. at 1024. An analysis of these factors, to the extent necessary, indicates that a stay is not warranted.

### A. The United States Trustee has an interest in proceeding expeditiously and will be prejudiced if this adversary proceeding is stayed.

Analysis of this factor largely overlaps with analysis of the final factor because the United States Trustee is a government actor charged with preserving the integrity of the bankruptcy system, rather than a private plaintiff. *See generally Morgenstern v. Revco D.S. Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (explaining that United States Trustees oversee the bankruptcy process, protect the public interest, and ensure that bankruptcy cases are conducted

5

according to law). The defendant's bankruptcy case was filed in July of 2015. Trial of this adversary proceeding has been delayed multiple times to: (1) accommodate the defendant's lack of responsiveness to discovery requests; (2) allow the claims process to terminate; and (3) explore potential settlement of this adversary proceeding. As the defendant observes in his materials, the criminal case against him has been designated "complex" under 18 U.S.C. § 3161(h)(7)B)(ii). While the criminal trial is set for September 11, 2017, it would not be surprising to see further delays in the criminal case. For example, the defendant believes that bankruptcy fraud charges, presumably issued via superseding indictment, may be imminent. Any such charges are speculative, at this point, but if they did issue, further delays appear to be likely. A "complex" criminal trial can take weeks to conclude; optimistically, the defendant's criminal trial may be complete by the end of September, 2017 if no superseding indictment issues. Even if the criminal trial is not further delayed, a trial in this adversary proceeding in October 2017 would mean that creditors have been delayed for well over two years in pursuing collection of their debts. In other words, finality is important, and this matter deserves resolution. This factor favors denial of the defendant's motion for a stay.

**B.    The burden on the defendant does not warrant a stay.**

The defendant has not identified any particular burden other than wanting to avoid testifying at trial in this case. As discussed above, the burden on the defendant is minimal. To the extent the defendant fears criminal exposure, he can invoke the privilege against self-incrimination. This factor favors denial of the defendant's motion for a stay.

**C.    This court likely cannot rely on offensive collateral estoppel to resolve this matter if the defendant is found guilty in the criminal proceeding.**

The defendant suggests that granting a stay will facilitate efficient use of this court's resources. The defendant implies that the United States Trustee can invoke offensive collateral estoppel if the defendant is found guilty of the crimes he is accused of by the government. (Def.'s

6

Mem. of Law, at 9.)

Offensive collateral estoppel likely will not be available to fully resolve this adversary proceeding. In the Eighth Circuit, the plaintiff may invoke offensive collateral estoppel where: "(1) the issue ... (is) ... identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privy with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *White Earth Band of Chippewa Indians v. Alexander*, 683 F.2d 1129, 1134 (8th Cir. 1982). Some bankruptcy courts have allowed the use of offensive collateral estoppel to determine an objection to discharge action where the debtor was previously convicted of bankruptcy fraud. *See Gargula v. Petersen*, 315 B.R. 728 (Bankr. C.D. Ill. 2004) (collecting cases and granting motion for summary judgment for denial of discharge where debtor pled guilty to bankruptcy fraud).

It is unlikely that offensive collateral estoppel will be available to the United States Trustee in this case. As discussed above, the indictment and the amended complaint do not contain the same allegations. The defendant has been accused of violating:

- 18 U.S.C. § 1349 (conspiracy to commit mail and wire fraud)
- 18 U.S.C. § 1341 (mail fraud)
- 18 U.S.C. § 1343 (wire fraud)
- 18 U.S.C. § 1956(h) (conspiracy to commit money laundering)
- 18 U.S.C. § 371 (conspiracy to commit perjury)

To establish a violation of § 1349, the government must show that the defendant attempted or conspired to commit mail or wire fraud. *See* 18 U.S.C. § 1349.

The elements of a mail fraud offense are: "(1) a scheme to defraud by means of material false representations or promises, (2) intent to defraud, (3) reasonable foreseeability that the mail would be used, and (4) that the mail was used in furtherance of some essential step in the scheme."

7

*United States v. Cole*, 721 F.3d 1016, 1021 (8th Cir. 2013).

To prevail on a wire fraud claim, the government must prove: "(1) intent to defraud, (2) participation in a scheme to defraud, and (3) the use of a wire in furtherance of the fraudulent scheme. *United States v. Frank*, 354 F.3d 910, 918 (8th Cir. 2004)."

The government proves a conspiracy to launder money where it establishes "(1) "an agreement ... to launder money"; (2) the defendant's voluntary joinder of the agreement; and (3) the defendant's knowing joinder of the agreement." *United States v. Jarrett*, 684 F.3d 800, 802 (8th Cir. 2012).

Perjury requires proof that "(i) while under oath, and (ii) testifying in a proceeding before a court of the United States, (iii) the defendant knowingly made, (iv) a false statement, and (v) the testimony was material to the proof of the crime." *United States v. Sablosky*, 810 F.2d 167, 169 (8th Cir. 1987).

The United States Trustee asserted causes of action under § 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4)(A), and (a)(5).

To prevail on a § 727(a)(2)(A) claim, the plaintiff "must show (1) that the act complained of was done within twelve months of the filing of the bankruptcy petition, (2) with intent to hinder, delay or defraud creditors, (3) that the act was done by the bankrupt, and (4) that the act consisted of transferring, removing, destroying or concealing any of bankrupt's property." *City Nat'l Bank of Ft. Smith v. Bateman (In re Bateman)*, 646 F.2d 1220, 1222 (8th Cir.1981).

Section 727(a)(2)(B) requires proof of the same elements as § 727(a)(2)(A), except that the "conduct must occur post-petition and must involve property of the estate." *See, e.g.*, *McDermott v. Petersen (In re Petersen)*, 564 B.R. 636, 647 (Bankr. D. Minn. 2017).

Section 727(a)(3) requires the plaintiff to make a prima facie showing that the debtor failed to keep adequate records from which the debtor's financial condition or business transactions might be ascertained. *See Floret, LLC v. Sendecky (In re Sendecky)*, 283 B.R. 760, 764 (B.A.P.

8

8th Cir. 2002). Once that showing is made, the burden of production shifts to the defendant to offer a justification for his record keeping (or lack thereof)." *McDermott v. Swanson (In re Swanson)*, 476 B.R. 236, 240 (B.A.P. 8th Cir. 2012).

Section 727(a)(4)(A) requires the plaintiff to show that: "(1) the Debtor made a statement under oath; (2) the statement was false; (3) the Debtor knew the statement was false; (4) the Debtor made the statement with fraudulent intent; and (5) the statement related materially to the Debtor's bankruptcy case." *Kaler v. Charles (In re Charles)*, 474 B.R. 680, 684 (B.A.P. 8th Cir. 2012).

Finally, section 727(a)(5) requires the plaintiff to prove "facts establishing that a loss or shrinkage of assets actually occurred." *Sendecky*, 283 B.R. at 765. If the plaintiff "demonstrates a deficiency of assets, the burden shifts to the debtor to explain the loss." *Id.*

A close comparison of the elements of the offenses charged and the elements of the United States Trustee's claims reveals that the issues to be litigated in the criminal proceeding are not the same as the issues to be litigated in this adversary proceeding. Even if the defendant is found guilty, it does not automatically follow that his bankruptcy discharge would be denied. For example, the mail and wire fraud charges (including the conspiracy charge) in the indictment focus on very specific acts allegedly committed by the defendant in 2011 through 2013 to further a pre-bankruptcy fraud scheme. For the most part, the United States Trustee's complaint focuses on post-petition conduct. The sole exception is Count I, which focuses on the defendant's alleged fraudulent transfer of his or Alpha Law Firm's funds to The Mill Trust, Monyet, LLC, or Padraigin Browne. But there is no reference to any of these acts in the indictment.

Similarly, the conspiracy to launder money charge relates specifically to pre-petition transactions made by the defendant and an entity called Under the Bridge Consulting. Again, there is no reference to this entity or these acts in the United States Trustee's complaint.

Finally, the conspiracy to commit perjury charge focuses on specific allegedly false statements made by the defendant under oath. But the alleged perjury relates to conduct that

9

occurred long before the false oaths alleged in the United States Trustee's complaint.

In sum, the issues raised in the defendant's criminal case are not "identical" to the issues raised in this case. As a result, offensive collateral estoppel probably would not apply if the defendant was convicted.

If the defendant had been indicted for bankruptcy fraud and the allegations mirrored those in the United States Trustee's complaint, offensive collateral estoppel probably would apply. But that has not happened, and until it does, it is not at all clear that this court would save itself any time by delaying this proceeding while awaiting the outcome of the criminal proceeding. This factor favors denial of the defendant's motion for a stay.

### D.  Creditors will be prejudiced by a delay.

The defendant's bankruptcy case was filed in July of 2015. The chapter 7 trustee has not made an interim distribution. Thus, creditors have received no payment during the pendency of the defendant's bankruptcy case. In addition, multiple creditors have moved (unsuccessfully) for relief from the stay to liquidate their claims. If the court imposes a stay, creditors could be delayed yet further from either receiving payment or pursuing liquidation of their claims.

There is no guarantee that the defendant's criminal case will actually be tried beginning on September 11, 2017. Notably, the defendant and the United States agree that the criminal case is "complex." Therefore, it is certain that any trial will be lengthy. In addition, there may be further delays before the criminal case is tried. This factor favors denial of the defendant's motion for a stay.

### E.  The public has an interest in seeing this adversary proceeding resolved.

For the reasons discussed in Part IID., *supra*, creditors and the public deserve a resolution of this case. The defendant stands accused of serious civil and criminal fraud in both this court and the District Court for the District of Minnesota. The public has an interest in seeing an end to this litigation to put an end to the defendant's use of the bankruptcy system to perpetuate a fraud.

This factor favors denial of the defendant's motion for a stay.

## CONCLUSION

For all of the reasons stated above, the United States Trustee requests that this Court deny the defendant's motion for a stay.

                                          DANIEL M. MCDERMOTT
                                        United States Trustee
                                        Region 12

DATED: May 11, 2017                    By:/e/ Colin Kreuziger
                                        Colin Kreuziger
                                        Trial Attorney
                                        MN Atty. No. 0386834
                                        1015 U.S. Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN   55415
                                        612-334-1350

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:

Paul Hansmeier,

    Debtor.

Chapter 7

Bankruptcy No. 15-42460

---

Daniel M. McDermott, United States Trustee,

    Plaintiff,

v.

Paul Hansmeier,

    Defendant.

Adv. No. 16-04035

---

# ORDER

---

The defendant's motion for a stay came before the court. For reasons stated orally and recorded in open court,

IT IS ORDERED:

1. The defendant's motion for a stay is denied.

Dated:

Kathleen H. Sanberg
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Paul Hansmeier,

Debtor.

Chapter 7

Bankruptcy No. 15-42460

---

Daniel M. McDermott, United States Trustee,

Plaintiff,

v.

Paul Hansmeier,

Defendant.

Adv. No. 16-04035

---

## UNSWORN CERTIFICATE OF SERVICE

I, Colin Kreuziger, declare under penalty of perjury, that on May 11, 2017, I served a copy of the United States Trustee's Objection to Defendant's Motion for a Stay, Verification, Memorandum of Law, and Proposed Order upon the following individuals via first class mail and electronic mail:

**Via U.S. Mail and Electronic Mail**

PAUL HANSMEIER
9272 Cortland Alcove
Woodbury, MN 55125
prhansmeier@gmail.com


Executed on:  May 11, 2017

/e/ Colin Kreuziger
**Colin Kreuziger**
**Office of the United States Trustee**